Wolfborough *v.* Alton.

## WOLFBOROUGH *v.* ALTON.

A contemporaneous memorandum is not admissible to prove a fact not material to the issue, but a witness many use the paper, if it will aid in refreshing his memory.

ASSUMPSIT, to recover for supplies furnished to several paupers deriving their settlement, from one Stephen Rogers, who, it was alleged, gained a settlement in Alton,

by dwelling and having his home in that town at the time of its incorporation, June 16, 1796. In the course of the trial one Silas Roberts was introduced as a witness for the plaintiff. He had with him his account-book, which he swore contained a true statement of his accounts for the time being, and that it was his original book of entry.

Among other accounts in the book was one against said Stephen Rogers, consisting of various items of charge, for shoes, leather, use of horse, &c., under various dates, from February, 1796, to 1799. Roberts testified that at the time when the charges bore date he did shoe-making for said Stephen Rogers, and that at that time they both lived in Alton, and in the same neighborhood; that he settled his accounts with him in May, 1799; that he and Rogers, during the time embraced in the account, did work for each other; that he remembered his living at two houses (which he named) in Alton, and that he had dealing with him every year from February, 1796, till he settled with him; that Rogers hired his horse several times; that he should not have recollected the account but for the book.

The defendants objected to the reading of the account to the jury, but it was permitted by the court, and the defendants excepted.

The jury returned a verdict for the plaintiffs, and the defendants moved to set the same aside, and for a new trial, for supposed error in the foregoing ruling.

*Bartlett*, for the defendants, cited Stark. Ev., (ed. of 1842), 346; 1 Pick. 245; 5 T. R. 121; 2 U. S. Dig. 231.

*Bell*, for the plaintiff. Contemporaneous entries are evidence. 1 Grenl. Ev., secs. 115, 116.

GILCHRIST, J. The question presented by the case is, whether the account-book of the witness, containing origi-

Wolfborough *v.* Alton.

nal entries made by him, for the purposes for which such entries are usually made, was properly admitted to be read to the jury.

An original memorandum, or other writing, made by a witness at the time of a transaction, for the purpose of preserving the evidence of it in all its details, may, without doubt, be read in evidence to the jury for the purpose of proving the facts which are recorded in it. Such evidence is better than the uncertain and fading memory of man, in most cases, and in many is the only kind of which the facts sought to be proved is reasonably and practically susceptible. *Haven* v. *Wendell*, 11 N. H. Rep. 112.

If, therefore, these entries had been made to record a fact that it was material to the issue to prove, they would have been admissible, whether the witness recollected the facts or not; for such memoranda are evidence sometimes after the person who made them is dead. *Welch* v. *Barnett*, 15 Mass. 380; *Washington Bank* v. *Prescott*, 20 Pick. 339. But such is not this case. The entries showed that the witness made shoes for Rogers, lent him his horse, and sold him leather and the like, which facts were immaterial to the issue, and evidence to prove them could not regularly have been admitted.

If the witness could, by using the book, have refreshed his own memory, so as to have stated any fact that was material, it would have been proper, without doubt, to permit him to do so, and such is the constant practice. 1 Greenl. Ev., sec. 436. If, upon examining the entries, he had been able to say that when he made them he knew that Rogers lived a neighbor to him, and that the entries were correct, that would have enabled him, perhaps, to testify to something material. But the memoranda themselves are not evidence.

*Verdict set aside.*